MUNICIPALITY OF GUÁNICA, ETC., Plaintiff and Appellant, *v.* GENARO GARCÍA ET AL., Defendants and Appellees.

No. 6623.   Argued March 12, 1934.—Decided March 23, 1934.

*Leopoldo Tormes García* for appellant.   *E. Báez García* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A district court dismissed an application for a temporary injunction, October 17, 1933.   Notice of this action was given the parties the same day.   A motion for rehearing was filed October 24.   Three days later a notice of appeal was filed.

The motion for rehearing was denied January 5, 1934. Appellees now move to dismiss the appeal as premature.

Appellees rely upon *Pérez Casalduc v. Díaz Mediavilla*, 42 P.R.R. 345, and cases cited. For the purposes of this opinion it may be conceded that the time within which an appeal may be taken from the "final judgment in an action or special proceeding" referred to in subdivision 1 of section 295 of the Code of Civil Procedure begins to run, in the event of a timely motion for rehearing, only after such motion has been decided and from the time when a copy of the notice of such action sent by the clerk to the losing party has been filed.

The judgment referred to in subdivision 1 is specifically a final judgment. The orders and interlocutory judgments from which an appeal may be taken as provided in subdivision three are orders and judgments which have been "made and entered on the minutes of the court or filed with the secretary." Prior to the amendment of 1911, (see C. Civ. Proc., 1933 ed., p. 139) the appeal was to be taken within ten days after the order or interlocutory judgment had been so made or entered, or filed with the secretary. By the amendment of 1911, it became the duty of the secretary to send by mail to the losing party a notice of the action taken by the court, and the time within which an appeal may be taken is now to be counted from the day on which a copy of such notice is filed. This change in the law did not affect in any way the character of the order from which an appeal might be taken. Neither before nor after the Act of 1911 do we find any satisfactory evidence of a legislative intention that a pending motion for a rehearing must be disposed of before an appeal may be perfected from the orders enumerated in subdivision three of section 295.

Appellees' motion must be denied.